# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM STONE PREMIER
PROPERTIES, LLC,**

                  **Plaintiff,**

**v.**                                                  **Case No:   6:16-cv-2157-Orl-31GJK**

**ONI BABATUNDE E.,**

                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES FROM DEFENDANT'S ANSWER (Doc. No. 16)** |
| **FILED:** | **February 16, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.    FACTUAL BACKGROUND

      The matter before the Court arises from an alleged breach of an implied agreement. On December 16, 2016, Plaintiff filed a complaint against Defendant (the "Complaint"). Doc. No. 1. The following facts are taken from the Complaint. On November 15, 2014, Plaintiff and Defendant entered into a Construction Management Contract (the "CMC") for real property located in Reunion, Florida. *Id.* at 2. As consideration for the CMC, Plaintiff promised to manage and supervise construction and improvements made by other contractors. *Id.* Defendant agreed to pay

$25,000 per month for the duration of the project. *Id.* Plaintiff and Defendant then began a course of conduct in which Plaintiff paid for subcontractors, materials, and other building costs with the expectation that Defendant would pay Plaintiff back (the "Implied Agreement"). *Id.* Defendant allegedly ratified the Implied Agreement through certain emails. *Id.* at 3-4. On February 11, 2016, Plaintiff sent Defendant an account statement indicating that he owed Plaintiff roughly $380,000 for subcontractor invoices it paid on Defendant's behalf. *Id.* at 5. Defendant contested the account statement, and the parties attempted to agree on a balance owed. *Id.* On March 4, 2016, Plaintiff issued a final account statement, which states that Defendant owes a balance of $346,526.61. *Id.* at 5-6.

In the Complaint, Plaintiff asserts three causes of action: 1) open account (Count I); 2) breach of an implied contract (Count II); and 3) unjust enrichment (Count III). *Id.* at 6-9. Thus, Counts I and II are based on a contractual theory, and Count III is based on an equitable theory of unjust enrichment. *Id.* On January 26, 2017, Defendant filed his answer and asserted twelve affirmative defenses. Doc. No. 12 at 7-12. On February 16, 2017, Plaintiff filed a motion to strike (the "Motion to Strike") requesting the Court either strike or deem as specific denials all of Defendant's affirmative defenses except for his fourth affirmative defense. Doc. No. 16 at 4-15.[1] Defendant never responded to the Motion to Strike.

## II.    APPLICABLE LAW

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). Affirmative defenses are

---

[1] Specifically, Plaintiff requests that the Court: 1) deem Defendant's first, second, and fifth affirmative defenses as specific denials; 2) strike or (deem as specific denials) Defendant's third, sixth, seventh, eighth, ninth, and twelfth affirmative defenses; and 3) strike Defendant's tenth and eleventh affirmative defenses. *Id.*

subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). As such, a party must "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, when the Court finds that an affirmative defense is actually a specific denial, the Court will generally treat the affirmative defense as a specific denial rather than striking it. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, Case No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008).

A motion to strike is subject to the Court's discretion. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976). However, motions to strike are generally disfavored due to their drastic nature. *Thompson v. Kindred Nursing Ctrs., East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).[2] As such, courts will only strike affirmative defenses in limited situations, such as when an affirmative defense is insufficient as a matter of law. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 683. *See also McGlothan v. Walmart Stores, Inc.*, Case No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. Jun. 14, 2006) (stating that an affirmative defense is invalid as a matter of law if it does not meet the general pleading requirements of Federal Rule of Civil Procedure 8).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Also, an affirmative defense may be stricken if it has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995). However, where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* (citing *Augustus*, 306 F.2d at 868).

## III.   ANALYSIS

### A.  Affirmative Defenses One, Two, and Five

Defendant's first affirmative defense is directed at Count I and states:

> [T]o the extent Plaintiff seeks recovery under an open account, Plaintiff fails to state a cause of action against [Defendant] or fails to state facts upon which a claim can be based. Specifically, the alleged debt arose from a single transaction without the expectation of further transactions subject to future settlement and adjustment. Plaintiff's allegations establish that it holds no expectation of future transactions as it alleges within paragraph [twenty-six] of the Complaint…

Defendant's second affirmative defense is also directed at Count I and states:

> [T]o the extent Plaintiff seeks recovery under an open account, Plaintiff fails to state a cause of action against [Defendant] or fails to state facts upon which a claim can be based. Specifically, the alleged debt arose from an express written contract between the parties.

Doc. No. 12 at 7-8. Thus, as to Count I, Defendant argues that Plaintiff fails to state a claim for open account because: 1) there was no expectation that transactions outside the CMC would occur; and 2) the alleged debt arose from the CMC. *Id.*

Defendant's fifth affirmative defense is directed at Count III and states:

> [T]o the extent Plaintiff seeks recovery under a theory of unjust enrichment, Plaintiff fails to state a cause of action against [Defendant] or fails to state facts upon which a claim can be based.

> Specifically, the alleged debt arose from an express written contact
> between the parties.

*Id.* at 9. Thus, as to Count III, Defendant argues that Plaintiff fails to state a claim for unjust enrichment because the alleged debt arose from the CMC. *Id.*

Plaintiff argues that the aforementioned affirmative defenses should be deemed specific denials because they assert purported defects in the Complaint. Doc. No. 16 at 4. The undersigned agrees. None of the aforementioned defenses admit to the Complaint's allegations. Doc. No. 12 at 7-8, 9. Instead, these affirmative defenses argue that "Plaintiff failed to state a cause of action" due to defects in Counts I and III. *Id. See also In Re Rawson Food. Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"). Accordingly, Defendant's first, second, and fifth affirmative defenses are properly characterized as specific denials rather than affirmative defenses. *See Premium Leisure, LLC*, 2008 WL 3927265 at *3 (finding that defendant's assertion that plaintiff failed to state a claim was merely a denial and not an affirmative defense) (citations omitted). When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it. *Id.* Accordingly, the undersigned recommends that the Court deem affirmative defenses one, two, and five as specific denials.

### B. Affirmative Defense Three

Defendant's third affirmative defense appears to be directed at Counts I and II and states:

> [T]o the extent Plaintiff seeks recovery in contract, Plaintiff
> materially breached the terms and conditions of said contract,
> including … the covenant of good faith and fair dealing, and is
> entitled to no relief thereon. Specifically, Plaintiff performed work
> on the subject property and breached the agreement by selecting
> inappropriate means for correcting issues related to the retaining
> wall near the property line[,] [violating] its obligation to provide
> services and materials of good quality and free from faults. Plaintiff
> further breached its duties to [Defendant] by hiring and failing to

> properly supervise the subcontractors performing the work [on] its
> behalf.

Doc. No. 12 at 8-9. Thus, Defendant argues that Plaintiff materially breached the terms and conditions of the Implied Agreement, including the covenant of good faith and fair dealing. *Id.* Plaintiff argues that Defendant's third affirmative defense should be stricken or deemed a specific denial because it: 1) is redundant with Defendant's seventh and eighth affirmative defenses; 2) contemplates the existence of an express contract, even though Plaintiff's causes of action are based on an implied or quasi-contractual theory; and 3) is based on a bilateral contractual theory while "each of Plaintiff's asserted causes of action [regarding the Implied Agreement] is a unilateral contract and/or quasi contract that binds on performance." Doc. No. 16 at 4-7, 8-11. The undersigned finds no issue in Defendant's third affirmative defense. The Eleventh Circuit has held that "[u]nder Florida law, a material breach excuses a party from performance of the contract ..." *MDS Canada Inc. v. Rad Source Technologies, Inc.*, 720 F.3d 833, 852 (11th Cir. 2013).[3]

The undersigned finds Plaintiff's argument that Implied Agreement is a unilateral contract unavailing. "A unilateral contract is one in which no promisor receives a promise as consideration for his promise." *Craddock v. Greenhut Const. Co.*, 423 F.2d. 111, 113 n.4 (5th Cir. 1970). The Complaint, however, alleges that an implied bilateral contract was made:

> 41. The terms and consideration for [the Implied Agreement] were as follows: [Plaintiff] promised to pay the other contractors in a timely fashion for [Defendant], and [Defendant] agreed to reimburse [Plaintiff] for all payments made, and to continue the project so that [Plaintiff] could earn its $25,000 per month management fee.

---

[3] As noted above, Plaintiff argues that the Defendant's third affirmative defense contemplates the existence of an express contract because it argues that Plaintiff materially breached the Implied Agreement by violating the covenant of good faith and fair dealing. Doc. No. 16 at 6-7, 10. Plaintiff provides case law standing for the proposition that a breach of the implied covenant of good faith requires the breach of an express term of the contract. *Id.* at 6. Nevertheless, the undersigned declines the invitation to strike Defendant's third affirmative defense because the defense is not solely based on the covenant of good faith and fair dealing. Doc. No. 12 at 8 (alleging that "Plaintiff materially breached the terms and conditions of [the Implied Agreement] including, but not limited to, the covenant of good faith and fair dealing ..."). *Id.*

Doc. No. 1 at 8. Thus, Plaintiff's own allegations state that the Implied Agreement contained mutual promises. *Id.* Based on the foregoing, the undersigned recommends that the Court decline to strike or deem as a specific denial Defendant's third affirmative defense.

### C. Affirmative Defense Six

Defendant's sixth affirmative defense states:

> Plaintiff's action is barred under the doctrine of unclean hands. Specifically, Plaintiff performed work on the subject property and breached the agreement by selecting inappropriate means for correcting issues related to the retaining wall near the property line in violation of its obligation to provide services and materials of good quality and free from faults. Plaintiff further breached its duties to [Defendant] by hiring and failing to properly supervise the subcontractors performing the work [on] its behalf.

Doc. No. 12 at 9-10. Thus, Defendant argues that Plaintiff's certain breaches of the Implied Agreement (hereinafter, the "Alleged Breaches") amounted to unclean hands. *Id.* Plaintiff argues that Defendant's sixth affirmative defense should be stricken with prejudice or deemed a specific denial because: 1) "a breach of contract is legally insufficient to permit a finding of unclean hands"; and 2) "unclean hands requires the claimant to have acted is reliance on the alleged inequitable act…" Doc. No. 16 at 7-8. The undersigned recommends that the Court strike Defendant's sixth affirmative defense because he has not stated how the Alleged Breaches constitute egregious conduct. *See Branch Banking and Trust Co. v. S & S Development, Inc.*, 630 Fed. Appx. 698, 701 (11th Cir. 2015) (finding a breach of contract "insufficient to establish unclean hands"); *SE Property Holdings, LLC v. McElheney,* No. 5:12-cv-00140-RS-CJK, 2015 WL 507188, at *3 (N.D. Fla. Feb. 6, 2015) (noting that "the party seeking to apply the unclean hands doctrine must describe with precision the 'egregious facts' that justify application of the doctrine …. A simple

breach of contract does not constitute unclean hands"). [4] Accordingly, the undersigned

recommends that the Court find Defendant's sixth affirmative defense with leave to amend.

### D. Affirmative Defenses Seven and Eight

Defendant's seventh affirmative defense states:

> [P]laintiff's bad faith bars its claims against [Defendant]. Said bad faith includes … Plaintiff's performance of work on the subject property which breached the agreement by selecting inappropriate means for correcting issues related to the retaining wall near the property line [,] [violating] its obligation to provide services and materials of good quality and free from faults. Plaintiff further breached its duties to [Defendant] by hiring and failing to properly supervise the subcontractors performing the work [on] its behalf.

Defendant's eighth affirmative defense states:

> Plaintiff's bad faith bars its claims against [Defendant]. Specifically, Plaintiff performed work on the subject property and breached the agreement by selecting inappropriate means for correcting issues related to the retaining wall near the property line [,] [violating] its obligation to provide services and materials of good quality and free from faults. Plaintiff further breached its duties to [Defendant] by hiring and failing to properly supervise the subcontractors performing the work [on] its behalf.

Doc. No. 12 at 10-11. Thus, Defendant's seventh and eighth affirmative defenses allege that the

Alleged Breaches constitute bad faith. *Id.* Plaintiff argues that Defendant's seventh and eighth

affirmative defenses should be stricken or deemed specific denials because they: 1) are redundant;

2) contemplate the existence of an express contract, even though Plaintiff's causes of action are

based on an implied or quasi-contractual theory; and 3) are based on a bilateral contractual theory

while "each of Plaintiff's asserted causes of action [regarding the Implied Agreement] is a

unilateral contract and/or quasi contract that binds on performance." Doc. No. 16 at 4-7, 8-11.

---

[4] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The undersigned recommends that the Court strike Defendant's seventh and eighth affirmative defenses because he has failed to allege sufficient facts for such defenses. Under Florida law, a bad faith claim is construed as a breach of the duty of good faith. *See Continental Cas. Co. v. City of Jacksonville*, 550 F. Supp. 1312, 1336 (M.D. Fla. 2007) (citing *N. Am. Van Lines, Inc. v. Lexington Ins. Co.*, 678 So.2d 1325 (Fla. 4th DCA 1996)) (stating that under Florida law a bad faith claim … require[es] plaintiff to demonstrate that the defendant breached the corresponding duty of good faith). This District Court has also held that a simple breach of contract is insufficient to allege a breach of the duty of good faith:

> To allege a breach of the implied covenant [of good faith], the party must demonstrate a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

*Shibata v. Lim*, 133 F.Supp.2d 1311, 1319 (M.D. Fla. 2000) (emphasis added). Here, Defendant only states that the Alleged Breaches constitute bad faith. Doc. No. 12 at 10-11. Defendant does not allege whether the Alleged Breaches were made deliberately or how the Alleged Breaches were not the result of Plaintiff's mistake, bad judgment, or negligence. *Shibata*, 133 F.Supp.2d at 1319. Accordingly, the undersigned recommends that the Court strike Defendant's seventh and eighth affirmative defenses with leave to amend.[5]

### E. Affirmative Defense Nine

Defendant's ninth affirmative defense states:

> Any recovery by Plaintiff must be set off, reduced, abated, or apportioned as a result of damages sustained by [Defendant] [from

---

[5] The undersigned also notes that Defendant's seventh and eighth affirmative defenses are almost identical. Doc. No. 12 at 10-11. Thus, Defendant's eighth affirmative defense is duplicative and is due to be stricken. *See Vasquez v. Maya Publishing Group, LLC*, Case No. 14-20791-Civ-COOKE/TORRES, 2015 WL 5317621, at * 2 (S.D. Fla. Sept. 14, 2015) (striking an affirmative defense because it is duplicative).

> Plaintiff's] breach of its obligations or negligence in performing its obligations.

Doc. No. 12 at 11. Thus, Defendant argues that Plaintiff's recovery must be set off against the Defendant's damages sustained from Plaintiff's alleged breach of its obligations or negligence in performing the same. *Id.* Defendant's ninth affirmative defense is conclusory and provides no detail as to what obligations Plaintiff allegedly breached. *Id.* Without more information, the undersigned finds that Defendant's ninth affirmative defense does not meet the pleading requirements of Federal Rule of Civil Procedure 8. *See Yazici v. Destiny of Davenport Florida, LLC*, No. 8:10–CV–2772–EAK–MAP, 2011 WL 1233128, at * 2 (M.D. Fla. Mar. 30, 2011) (finding defendants' setoff affirmative defense insufficient because they "fail to set forth any factual support for claiming setoff, and thus, do not provide the Plaintiff with a basis upon which the defense is founded"). Accordingly, the undersigned recommends that the Court find Defendant's ninth affirmative defense insufficient and strike the affirmative defense with leave to amend.

### F. Affirmative Defense Ten

Defendant's tenth affirmative defense states:

> [D]amages suffered by Plaintiff, if any, were the result of Plaintiff's own failure to use reasonable diligence in performing acts required of Plaintiff including … the oversight and supervision of its subcontractors on the project.

Doc. No. 12 at 11-12. Thus, Defendant argues that Plaintiff's damages were the result of its own failure to use reasonable diligence in performing its obligations. *Id.* The undersigned finds that Defendant's tenth affirmative defense is not a true affirmative defense. Instead, Defendant's tenth affirmative defense essentially argues that Plaintiff has not shown how Defendant's alleged breach caused Plaintiff's damages. *Id.* Thus, Defendant's tenth affirmative defense points out a defect in

Plaintiff's prima facie case. *See In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). As stated above, the appropriate remedy in such a situation is to treat the purported affirmative defense as a specific denial and not to strike the defense. *See Premium Leisure, LLC,* 2008 WL 3927265 at *3. *See also Bluewater Trading LLC v. Willmar, Inc.*, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008) ("[W]here a party labels a specific denial as a defense in its pleadings, courts will generally treat the defense as a denial"). Accordingly, the undersigned recommends that the Court treat Defendant's tenth affirmative defense as a specific denial.

### G. Affirmative Defense Eleven

Defendant's eleventh affirmative defense states:

> [T]o the extent that Plaintiff alleges [Defendant] has any obligation or duty as to which full performance has not been rendered or excused, conditions precedent to such obligations or duties, if any, have not occurred.

Doc. No. 12 at 12. Thus, Defendant argues that conditions precedent have not occurred. *Id.* Plaintiff argues that Defendant's eleventh affirmative defense should be stricken with leave to amend because it fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(c). Doc. No. 16 at 14. The undersigned agrees. Federal Rule of Civil Procedure 9(c) provides that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). Courts within the district have found generalized allegations of conditions precedent to be insufficient:

> [The defendant's] Third Defense is also too general to excuse his noncompliance with Rule 9(c). The Third Defense reads, "Plaintiff's claims are barred by the nonperformance of a condition precedent…." [The defendant's] Third Defense is insufficient to excuse his noncompliance with Rule 9(c). The Third Defense generally avers some condition precedent failed to occur; to be sure,

> [the defendant] has not pled what the condition precedent is or how
> it failed to occur…

*Gottlieb & Gottlieb, P.A. v. Crants*, Case No.: 8:14-cv-895-T-33MAP, 2015 WL 7759462 at * 4

(M.D. Fla. Dec. 2, 2015) (emphasis added). The undersigned finds *Crants* persuasive. Here,

Defendant has not provided any information regarding what condition precedent existed or how

such condition precedent failed to occur. *Id.* Accordingly, the undersigned recommends that the

Court find Defendant's eleventh affirmative defense insufficient and strike the affirmative defense

with leave to amend.

### H. Affirmative Defense Twelve

Defendant's twelfth affirmative defense states:

> [T]o the extent Plaintiff alleges that [Defendant] had obligations for
> which full performance has not been rendered or excused, such
> obligations did not exist or were based upon acts or omissions that
> were either void or otherwise extinguished.

Doc. No. 12 at 12. Thus, Defendant argues that to the extent Defendant allegedly had obligations

for which full performance has not been rendered of excused: 1) such obligations did not exist;

and 2) such obligations were based upon acts or omissions that were void or extinguished. *Id.*

Plaintiff argues that Defendant's twelfth affirmative defense fails to satisfy Federal Rule of Civil

Procedure 8 because it fails to provide any specific detail about the acts or omissions at issue. Doc.

No. 16 at 13-14.

The undersigned recommends that the Court deem Defendant's twelfth affirmative defense

as a specific denial to the extent that it states that Defendant's obligations did not exist. The

aforementioned statement is not a true affirmative defense. Instead, Defendant attacks Plaintiff's

prima facie claim by alleging that no enforceable obligations exist. Accordingly, the

aforementioned portion of Defendant's twelfth affirmative defense is properly characterized as a

specific denial rather than an affirmative defense. *See Premium Leisure, LLC*, 2008 WL 3927265 at *3 (finding that defendant's assertion that plaintiff failed to state a claim was merely a denial and not an affirmative defense) (citations omitted). When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it. *Id*. Accordingly, the undersigned recommends that the Court deem Defendant's twelfth affirmative defense as a specific denial to the extent that it alleges that Defendant's obligations did not exist.

The undersigned also recommends that the Court strike Defendant's twelfth affirmative defense to the extent it alleges that Defendant's obligations were based upon acts or omissions that were either void or otherwise extinguished. While a contract's voidness is an affirmative defense, Defendant's statement is conclusory and provides no information as to which obligations were void or extinguished or how such obligations were void or extinguished. *See Microsoft Corp.*, 211 F.R.D. at 683 ("If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken") (internal quotations and citations omitted). Accordingly, the undersigned recommends that the Court strike twelfth affirmative defense with leave to amend to the extent that it alleges that his obligations were based upon acts or omissions that were either void or otherwise extinguished.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion to Strike (Doc. No. 16) be **GRANTED IN PART and DENIED IN PART** as follows:

    1) The Court should **DEEM**:

        a. Defendant's first, second, fifth, and tenth affirmative defenses as specific denials; and

      b. Defendant's twelfth affirmative defense as a specific denial to the extent that it alleges that Defendant's obligations did not exist; and

2) The Court should **STRIKE**:

      a. Defendant's sixth, seventh, eighth, ninth, and eleventh affirmative defenses; and

      b. Defendant's twelfth affirmative defense to the extent that it alleges that his obligations were based upon acts or omissions that were either void or otherwise extinguished; and

3) The Court should provide Defendant leave to amend the stricken affirmative defenses within fourteen days after the Court issues an order on this report and recommendation; and

4) Otherwise, the Motion to Strike is **DENIED**.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 8, 2017.

                              _____
                                 GREGORY J. KELLY
                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy